Terrance Jon IRBY, Plaintiff—
Appellant,

v.

Steve SINCLAIR; et al., Defendants—
Appellees.

No. 10–35959.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 12, 2011.

Terrance Jon Irby, Walla Walla, WA,
pro se.

Before: SILVERMAN, W.
FLETCHER, and MURGUIA, Circuit
Judges.

MEMORANDUM **

Terrance Jon Irby, a Washington state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging numerous constitu-
tional violations in connection with disci-
plinary sanctions. We have jurisdiction
under 28 U.S.C. § 1291. We review de
novo the district court's dismissal under 28
U.S.C. § 1915A, *Resnick v. Hayes,* 213
F.3d 443, 447 (9th Cir.2000), and § 1915(e),
*Barren v. Harrington,* 152 F.3d 1193, 1194
(9th Cir.1998). We may affirm on any
ground supported by the record. *Trimble
v. City of Santa Rosa,* 49 F.3d 583, 584
(9th Cir.1995) (per curiam). We affirm.

Dismissal of the Eighth Amendment
claims, including those that arose after
Irby commenced the action on May 13,
2010, was proper because Irby failed to
allege that defendants knowingly and un-
reasonably disregarded an objectively in-
tolerable risk of harm by denying his re-
quests to be placed in a single cell. *See
Farmer v. Brennan,* 511 U.S. 825, 846, 114
S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly dismissed all
of the due process claims relating to Irby's
confinement in administrative segregation
because, absent an allegation of atypical
and significant hardship, such confinement
does not implicate a constitutionally pro-
tected liberty interest. *See Sandin v.
Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293,
132 L.Ed.2d 418 (1995) (protected liberty
interest arises only when a restraint ex-
ceeds an inmate's sentence in "an unex-
pected manner" or imposes "atypical and
significant hardship on the inmate in rela-
tion to the ordinary incidents of prison
life"); *May v. Baldwin,* 109 F.3d 557, 565
(9th Cir.1997) ("[A]dministrative segrega-
tion falls within the terms of confinement
ordinarily contemplated by a sentence.").

The district court properly dismissed all
of the retaliation claims because Irby's
conclusory allegations fail to state a claim
for retaliation. *See Pratt v. Rowland,* 65
F.3d 802, 807 (9th Cir.1995) (prisoner must
establish link between exercise of constitu-
tional rights and allegedly retaliatory ac-
tion); *see also Ove v. Gwinn,* 264 F.3d 817,
821 (9th Cir.2001) (explaining that "conclu-
sory allegations of law and unwarranted
inferences are insufficient" to avoid dis-
missal).

Irby's remaining contentions are unper-
suasive.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.